**SO ORDERED.**

**SIGNED this 31 day of March, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | Case No. 04-06776-8-JRL Chapter 7 |
| Debtor. | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | Adversary Proceeding No. 06-00152-8-AP |
| Plaintiff, | |
| v. | |
| UNITED RENTALS, INC., | |
| Defendant. | |

_____

### ORDER

This case is before the court on the complaint of James B. Angell, chapter 7 trustee for Partitions Plus of Wilmington, Inc., against defendant United Rentals, Inc., to avoid certain preferential transfers and to recover such transfers for the benefit of the estate. On February 28, 2008, a trial was held in Raleigh, North Carolina.

**FACTS AND BACKGROUND**

Partitions Plus of Wilmington, Inc. filed a chapter 11 bankruptcy petition on September 1, 2004. On November 9, 2004, the case was converted to one under chapter 7, and James B. Angell was appointed the trustee. Prior to the debtor filing bankruptcy, United Rentals supplied rental equipment to the debtor for use on certain construction projects.

On July 14, 2006, the trustee filed this adversary proceeding. The complaint alleges that Partitions Plus made preferential transfers to United Rentals in the amount of $75,849.40, and that these transfers are avoidable pursuant to 11 U.S.C. § 547(b) and recoverable under § 550(a). Both parties filed motions for summary judgment. By order dated June 4, 2007, the court concluded that the trustee established that the payments in question constituted preferential payments. The court also concluded that United Rentals was entitled to a minimum credit of $8,885.66 based on its new value defense, and that it could increase that amount upon an appropriate showing at trial. Therefore, the sole remaining issue is the extent of United Rentals's new value defense.

**ANALYSIS**

United Rentals argues that the contemporaneous exchange for new value in this case was the discharge of lien rights, bond rights, and a security interest in exchange for the preferential payments. It contends that it is irrelevant whether it would have perfected its security interests or enforced its lien and bond rights.[1] However, as the court noted in Angell v. Pennington et al., Adv.

---

[1] United Rentals argues that it possessed lien rights and a security interest on property of the debtor. However, United Rentals presented no evidence that it ever perfected the lien. Pursuant to Precision Walls, Inc. v. Crampton, 196 B.R. 299 (E.D.N.C. 1996), however, United Rentals was an unsecured creditor since it never perfected its lien. Therefore, it possessed no security interest or lien claim that could be extinguished in exchange for the preferential payment.

2

Pro. 06-00148-8-AP (Bankr. E.D.N.C. March 20, 2008), the problem with presuming that the existence of inchoate rights is equivalent new value to the preferential transfer is that it effectively relieves United Rentals of its burden under 11 U.S.C. § 547(g) of establishing the actual value of the transfer. Under its theory, it would be nearly impossible for a trustee ever to maintain a preference suit against a subcontractor who possessed any sort of inchoate or hypothetical lien or bond claims.

In Pennington, this court set forth the elements of a new value defense using an "indirect transfer" theory in a case involving a subcontractor's release of a potential bond claim. A defendant must show that (1) it would have timely filed a claim against the project's payment bond and been paid in full had it not received payment from the debtor, and (2) at the time, the debtor was still owed funds by the general contractor on which the bonding company could have asserted a lien. Id. at 5-6. In establishing the first element, a subcontractor must present more than a mere modicum of evidence to support its contentions. Id. at 7-8. For example, the defendant in Pennington presented sufficient evidence in the form of convincing testimony that he would have filed a bond claim, his stated policy of addressing all overdue invoices in a manner that protected his ability to file a bond or lien claim, and the fact that he filed a bond claim and was paid in full in the only other instance of nonpayment. Id.

In this case, however, there is no similarly corroborative evidence that United Rentals would have filed a bond claim and been paid in full had it not received the preferential payment. In fact, the only evidence that United Rentals presented at trial related to the second prong of the test, i.e., whether there were sufficient funds owing to the debtor general contractor on which the bonding company could have asserted a lien. Despite United Rentals's argument that the court can presume

that the existence of potential bond and lien claims is sufficient to establish equivalent new value, Pennington dictates otherwise, and the failure to produce any evidence that it would have filed a bond claim and been paid in full is fatal to United Rentals's new value defense.

## CONCLUSION

Accordingly, United Rentals has successfully established a new value defense with respect to $8,885.66 of the preferential payments. Therefore, the trustee is entitled to recover $66,963.74 of the preferential payments for the benefit of the estate. The clerk is directed to enter judgment accordingly.

**"END OF DOCUMENT"**