**SO ORDERED.**

**SIGNED this 30 day of April, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

PARTITIONS PLUS OF WILMINGTON, INC.,      Case No. 04-06776-8-JRL
D/B/A PARTITIONS, INC., D/B/A STORM      Chapter 7
PROTECTION SYSTEMS,

                          Debtor.

JAMES B. ANGELL, CHAPTER 7 TRUSTEE
FOR PARTITIONS PLUS OF WILMINGTON, INC.,
D/B/A PARTITIONS, INC., D/B/A STORM      Adversary Proceeding No.
PROTECTION SYSTEMS,      L-06-00152-8-AP

                          Plaintiff,

     v.

UNITED RENTALS, INC.,

                          Defendant.
_____

### ORDER

         This case is before the court on a motion by James B. Angell, chapter 7 trustee for Partitions Plus of Wilmington, Inc., to alter or amend the judgment to include an award of prejudgment interest, and two motions by United Rentals, Inc.: the first to stay the judgment pending disposition of the trustee's motion to alter or amend the judgment, and the second to stay the judgment pending

appeal.

## I. Trustee's Motion to Alter or Amend Judgment

After conducting a trial in this adversary proceeding, the court entered an order on March 31, 2008, finding that the trustee was entitled to recover $66,963.74 in preferential payments from United Rentals. The clerk entered judgment accordingly. On April 4, 2008, the trustee filed a motion pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e) to alter or amend the judgment to include an award of prejudgment interest. The trustee's motion argues that prejudgment interest is appropriate from the date of demand of the return of the preference. In opposition to the trustee's motion, United Rentals argues that (1) there are no grounds to justify amending the judgment, (2) prejudgment interest is inappropriate where the amount the estate is entitled to recover is not determined until trial, and (3) the trustee presented no evidence to substantiate a claim for prejudgment interest.

"It is well settled that bankruptcy courts have discretion to award prejudgment interest in § 547 preferential transfers actions, and to compute that interest from the date of demand for the return of the transferred funds. Sigmon v. Royal Cake Co. (In re Cybermech, Inc.), 13 F.3d 818, 822 (4th Cir. 1994). A prejudgment interest award "serves to 'compensate the debtor's estate for [the defendant's] use of those funds that were wrongfully withheld from the debtor's estate during the pendency of the [litigation].'" Id. (quoting In re Investment Bankers, Inc., 4 F.3d 1556, 1566 (10th Cir. 1993)).

United Rentals first argues that the court's order implicitly denied prejudgment interest, and that the trustee's mere disagreement with the denial of prejudgment interest does not present one of the three circumstances identified by the Fourth Circuit as justifying Rule 59(e) relief. Although

United Rentals reads the court's order as denying an award of prejudgment interest, omission of that issue was purely a matter of inadvertence rather than deliberate consideration. Therefore, the trustee does not seek reconsideration of that issue, but rather presents the issue for resolution in the first instance.

United Rentals's argument proceeds on the theory that the trustee does not present an issue that justifies relief under Rule 59(e). Although the authority cited by United Rentals suggests that there are three grounds for amending an earlier judgment pursuant to Rule 59(e), see Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), nothing in that precedent suggests that there are *only* three grounds for relief under Rule 59(e). In fact, the Supreme Court has specifically found that a postjudgment motion for discretionary prejudgment interest clearly falls under Rule 59(e). Osterneck v. Ersnst & Whinney, 489 U.S. 169 (1989). Further, "if the district court's original judgment did not mention an award of prejudgment and postjudgment interest, [a postjudgment motion for discretionary prejudgment interest] clearly would be governed by Osterneck . . . ." Kosnoski v. Howley, 33 F.3d 376, 378 (4th Cir. 1994). Because the March 31, 2008 order did not address the issue of prejudgment interest, the trustee's motion sets forth a cognizable basis for relief under Rule 59(e).

United Rentals's second argument is that the trustee is not entitled to prejudgment interest because the amount of damages was undetermined until judgment. Citing precedent approving this principle, United Rentals argues that damages were undetermined in this case because its liability could have been reduced or completely eliminated by its new value defense. United Rentals cites several cases in support of this proposition, including In re Investment Bankers, Inc. 4 F.3d 1556, 1566 (10th Cir. 1993), and In re Bellanca Aircraft, Corp., 850 F.2d 1275, 1281 (8th Cir. 1988).

3

However, the precedent relied on by these cases is more concerned with a party's inability to calculate damages with a mathematical certainty at the outset of the case, such as in personal injury and wrongful death actions, rather than the possibility that a damage claim for a specified amount may be reduced by an affirmative defense. Accepting United Rentals's argument would effectively eliminate the possibility of a prejudgment interest award in preference actions involving an affirmative defense. The trustee's complaint requested a specific damage figure, and the possibility that United Rentals could have offset that amount by establishing a new value defense does not prevent an award of prejudgment interest. See Precision Walls v. Crampton, 196 B.R. 299 (E.D.N.C. 1996) (affirming prejudgment interest award in a preference action where trustee received less than amount sought in complaint).

United Rentals's final argument is that the trustee is not entitled to prejudgment interest because he produced no evidence of the basis for, or the amount of, a prejudgment interest claim. The fundamental flaw with this argument is that no evidence was necessary because the parties agreed to the only disputable element of the trustee's claim for prejudgment interest. The issue of liability aside, the only elements necessary to determine a proper award of prejudgment interest are (1) the interest rate, and (2) the date on which the interest runs. Of these two elements, only the date on which the interest begins to run may be seriously disputed.[1] A trustee is "entitled . . . to prejudgment interest from the date of demand for its return, or in the absence of a prior demand, from the date of filing of the complaint." Id. at 305 (E.D.N.C. 1996); In re H.P. King, Co., 64 B.R. 487, 489 (Bankr. E.D.N.C. 1986). The parties stipulated in the final pre-trial report, incorporated

---

[1]The prejudgment interest rate in a preference action is set by 28 U.S.C. § 1961, unless a trial judge finds that the equities require a different rate – a finding the court declines to make in this case. See Banks v. Gill Distrib. Ctr., Inc. 263 F.3d 862, 871 (9th Cir. 2001).

by the Final Pre-Trial Order entered by the court, that the demand letter requesting return of the transfers was sent on May 16, 2006. Accordingly, the trustee is entitled to recover prejudgment interest at the rate of 4.98% per annum, which represents the one-year constant maturity Treasury yield on the date of demand, from May 16, 2006, until the date of the amended judgment accompanying this order.[2]

## II. United Rentals's Motion to Stay Pending Appeal

In considering United Rentals's motion to stay the judgment pending appeal, the court is guided by four factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm; (3) harm to others; and (4) whether the public interest will be served. Based on these factors, the court declines to stay the judgment pending appeal. See e.g., Mich. Coalition of Radioactive Material Users v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). First, United Rentals has failed to demonstrate that it is likely to succeed on appeal. United Rentals does not identify, either in its motion or in its supporting memorandum, any errors made by the court. However, even looking to its designation of issues for appeal, the court carefully considered each issue and is not satisfied that United Rentals is likely to succeed in its appeal. Second, there is little likelihood that United Rentals will be harmed by the judgment. As its memorandum supporting its motion concedes, United Rentals is a $4 billion company, and it is not likely that it will be harmed by enforcement of the judgment prior to appeal. Third, the trustee is harmed by staying the judgment because it cannot adequately develop an orderly plan of distribution of the debtor's estate without the funds owed. Finally, having already determined that United Rentals is not likely to succeed on appeal, the public

---

[2] Because the court has ruled on the trustee's motion to alter or amend the judgment, the court denies as moot United Rentals's motion to stay the judgment pending disposition of the trustee's motion.

5

interest is better served by the expedient administration of the debtor's estate.  See e.g., In re Metiom, Inc., 318 B.R. 263, 272 (S.D.N.Y. 2004).

## CONCLUSION

The trustee's motion to alter or amend the judgment is granted.  The clerk is directed to enter an amended judgment to reflect an award of prejudgment interest in favor of the trustee from May 16, 2006, until the date of the amended judgment entered pursuant to this order, at an interest of 4.98% per annum, and thereafter at the current judgment rate.  United Rentals's motion to stay pending disposition of the trustee's motion to alter or amend the judgment is denied as moot, and its motion to stay pending appeal is also denied.

**"END OF DOCUMENT"**